# In the United States Court of Federal Claims

No. 18-543

Filed: October 16, 2018

```
*******************************************
                                            *
MAGNOLIA COOPER and                         *
MACHAYLA K. COOPER,                         *
                                            *
        Plaintiffs, pro se,                 *
                                            *
v.                                          *
                                            *
THE UNITED STATES,                          *
                                            *
        Defendant.                          *
                                            *
*******************************************
```

**Magnolia Cooper and Machayla K. Cooper,** Madison, Wisconsin, Plaintiffs, *pro se*.

**Delisa Maria Sanchez,** United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

### MEMORANDUM OPINION AND FINAL ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS

**BRADEN,** *Senior Judge.*

I.  **Relevant Factual Background.[1]**

On April 13, 2018, Magnolia Cooper and Machayla K. Cooper ("Plaintiffs") filed a Complaint in the United States Court of Federal Claims alleging, in the order presented: (1) violations of Minn. Stat. § 466.02; (2) an unspecified claim on behalf of Nunteen Cooper, who is deceased; (3) harassment, gross negligence, and outrageous conduct; (4) false confinement, age discrimination, disability discrimination, and violations of Minn. Stat. § 3.736; (5) kidnapping of a sick child; (6) fraud and deception; (7) violations of "subcode 2568.0625 subdivision 19A;" (8) "arraignment for any brain injuries" and related negligence; (9) violations of Minn. Stat. § 518.68; (10) violations of Minn. Stat. § 518a.50; (11) harassment, duress, and fraud, in violation of Minn. Stats. §§ 626.84, 629.40; (12) violations of Minn. Stat. § 629.40; (13) fraud; (14) real property rights; (15) violations of Minn. Stat. § 260C.007; and (16) an unspecified allegation against

---

[1] The alleged facts recited herein are derived from the April 13, 2018 Complaint ("Compl.").

Minnesota as "financial commissioners." The April 23, 2018 Complaint requests $10 million for each claim.

The April 13, 2018 Complaint also references a prior proceeding in the United States District Court for the District of Minnesota. *See Cooper v. Minnesota Dep't of Human Servs.*, No. 15-2682, 2016 WL 4179867 (D. Minn. Aug. 8, 2016). In that case, Plaintiff Magnolia Cooper alleged violations of her Fourteenth Amendment rights by the Hennepin County Juvenile Court for the adjudication of a custody proceeding involving Plaintiff Machayla Cooper some years ago. *Id.* at *1. On August 8, 2016, the United States District Court for the District of Minnesota dismissed that case with prejudice. *Id.* at *2. The facts alleged in the April 13, 2018 Complaint appear to be a summary of the same set of events at issue in *Cooper*. Compl. at 1.

## II. Procedural History.

On April 13, 2018, Plaintiffs each filed a Motion for Leave to Proceed *In Forma Pauperis*. On May 4, 2018, the court granted both of those motions.

On June 15, 2018, the Government filed a Motion To Dismiss ("Gov't Mot."), pursuant to United States Court of Federal Claims Rule ("RCFC") 12(b)(1).

On July 16, 2018, the Plaintiffs filed a "Plaintiffs Response: Motion To Compel Discovery," ("Pls.' Resp.") that the court construes as the Plaintiffs' Response to the Gov't Mot.

On August 2, 2018, the Government filed a Reply In Support Of Its Motion To Dismiss.

On October 15, 2018, Plaintiffs filed a "Petition To Seal Case And To Cite Contempt."

## III. Discussion.

### A. Subject Matter Jurisdiction.

Subject matter jurisdiction is a threshold issue that a court must determine at the outset of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

The Tucker Act, 28 U.S.C. § 1491, authorizes the United States Court of Federal Claims with jurisdiction to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It does not "create[] substantive rights." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009). Instead, the Tucker Act is a "jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (*e.g.*, statutes or contracts)." *Id.* "The other source of law need not explicitly provide that the right or duty it creates is enforceable through a suit for damages, but it triggers liability only if it 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Id.* at 1552 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). "This 'fair interpretation' rule demands a showing

demonstrably lower than the standard for the initial waiver of sovereign immunity." *Holmes v. United States*, 657 F.3d 1303, 1309 (Fed. Cir. 2011) (citations omitted). In addition, a plaintiff must be "within the class of plaintiffs entitled to recover under the statute." *Greenlee Cty., Ariz. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007).

### B. Standard of Review.

Rule 12(b)(1) of the United States Court of Federal Claims authorizes a party to file a motion asserting a "lack of subject-matter jurisdiction." RCFC 12(b)(1). "In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff." *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018) (citations omitted).

It has been the tradition of this court to "interpret [a] *pro se* complaint liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). A *pro se* plaintiff, however, "must still meet minimal [jurisdictional] standards to avoid dismissal." *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018).

### C. The Government's June 15, 2018 Motion To Dismiss.

#### 1. The Government's Argument.

The Government argues that the United States Court of Federal Claims does not have jurisdiction to adjudicate the claims alleged in the April 13, 2018 Complaint, because none of the alleged claims arise under a money mandating source of law. Gov't Mot. at 4–9. Nor does the United States Court of Federal Claims have subject matter jurisdiction to review the judgments of a United States District Court. Gov't Mot. at 4. And, the United States Court of Federal Claims does not have subject matter jurisdiction to adjudicate claims arising under: (1) state tort law; (2) state and federal criminal law; and (3) other state statutes. Gov't Mot. at 4–9.

#### 2. Plaintiffs' Response.

Plaintiffs' July 16, 2018 Response states:

> We too ask the Court's clarify on proper Jurisdiction in this case believing in its purpose to provide a speedy resolution. There is somewhat confusion in referencing the Minnesota case, when explaining forum, venue and jurisdiction we continued to reference that case[,] because it was there that we first brought the complaint and by judicially [sic] decree overlooking the general ill-form of the claim, the Court decided that[,] because of the actual merit of the case, which it did not litigate, that the substance and bases of the case was of a federal substance matter, nor based on the merits presented did it not say, it had too little or too much merit, it simply did not judge on the merits, not did it offer us any unknown opportunity as sort of stand in for attorney advice even though it is definitely a part of our claim that the State in the [] CJ, after seizing

3

> our persons, and papers, making itself guardian over us and our affairs felt no obligation, to legally return control over our persons and property, even in direct abuse of our persons, property, and the law.

Pls.' Resp. at 3.

Plaintiffs' July 16, 2018 Response also argues that the Government violated Plaintiffs' rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. Pls.' Resp. at 6.

### 3. The Government's Reply.

The Government replies by renewing the request for dismissal, and reiterates that the claims set forth in the April 13, 2018 Complaint "appear to sound mostly in tort, appear to mention criminal acts, and are not based upon a money mandating source of law." Gov't Reply at 1.

### D. The Court's Resolution.

As a threshold matter, the United States Court of Federal Claims does not have jurisdiction to adjudicate claims brought against parties other than the United States. *See* 28 U.S.C. § 1491(1)(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States[.]"). Although Plaintiffs' April 13, 2018 Complaint identifies the United States in the case caption, it does not allege any claims against the United States. Compl. at 2–4.

Second, the United States Court of Federal Claims "does not have jurisdiction to review the decisions of district courts." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). In addition, to the extent Plaintiffs' April 13, 2018 Complaint alleges claims previously adjudicated by the United States District Court for the District of Minnesota, they are barred by *res judicata*. *See Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292, 2305 (2016) (holding that *res judicata* "prohibits successive litigation of the very same claim by the same parties") (citations omitted).

Third, claims "founded on state law are also outside the scope of the limited jurisdiction of the [United States] Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007). Therefore, the court has no jurisdiction to adjudicate the alleged violations of Minnesota law.

Fourth, "the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013). Nor can the court entertain the new claims asserted in Plaintiffs' July 16, 2018 Response. *See Novosteel SA v. United States*, 284 F.3d 1261, 1274 (Fed. Cir. 2002) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.").

4

## IV. CONCLUSION.

For these reasons, the Government's June 15, 2018 Motion To Dismiss is granted. Accordingly, the Clerk of Court is directed to dismiss the April 13, 2018 Complaint, with prejudice. Plaintiffs' October 15, 2018 Petition To Seal Case And To Cite Contempt is denied as moot.

**IT IS SO ORDERED.**

SUSAN G. BRADEN,
Senior Judge